IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WILLIAMS, | : | CIVIL ACTION |
| | : | NO. 02-2691 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA WATER DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

ORDER

**AND NOW**, this **20th** day of **December, 2002,** it is hereby ordered that plaintiff's motion to appoint counsel is **DENIED without prejudice.**[1]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] Generally, a party in a civil case is not entitled to the appointment of counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir 1997); Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Under certain circumstances, however, the court may, in its discretion, appoint an attorney to represent an indigent civil litigant. See 28 U.S.C. § 1915(e)(1). After a threshold finding that plaintiff's claims are arguably meritorious, courts consider the following factors in determining whether counsel should, in fact, be appointed: 1) the plaintiff's ability to present his own case; 2) the complexity of the legal issues; 3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; 4) the degree to which the case may turn on credibility determinations; 5) whether the testimony of witnesses will be necessary; and 6) whether the plaintiff can attain and afford counsel on his own behalf. See Parham, 126 F. 3d at 457-58; Tabron, 6 F.3d at 155-57.

At this stage of the proceeding, however, plaintiff has failed to establish that his claims are arguably meritorious, as he must do before the court can weigh the Tabron factors. Plaintiff may, however, revisit this issue after sufficient facts have been presented to the court.